UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | CRIMINAL ACTION NO. |
| | : | 3:08-cr-4 (JCH) |
| v. | : | |
| | : | |
| WILLIAM BALDWIN | : | OCTOBER 16, 2008 |
| | : | |
| Defendant. | : | |

**ORDER REGARDING MOTIONS TO SUPPRESS BY
DEFENDANT BALDWIN [Doc. Nos. 206, 302]**

Pending before the court is defendant William Baldwin's Motions to Suppress Evidence, including the fruits of a search of Baldwin's person and statements. On June 18, 2008, the court conducted an evidentiary hearing on these Motions. On October 10, 2008, the court again conducted an evidentiary hearing to review the physical evidence.

**I.  PHYSICAL EVIDENCE**

Baldwin argues that following his arrest, he was subjected to an invasive search of his rectum in violation of his Fourth Amendment rights. Baldwin submitted an affidavit by him describing the search, in which he contends that he was pushed up against the wall and that an officer reached up into his rectum to remove a package. See Affidavit of William Baldwin at ¶¶ 9-18. Baldwin also submitted a DEA Report of Investigation, which describes the search as a "strip search" with no elaboration. DEA Report of Investigation at ¶ 5.

The government contests Baldwin's description of the search. Officer Craig Casman of the West Haven Police Department testified that he conducted a "pat down"

of Baldwin in a cell and discovered a "bulge" between "his lower buttocks and behind his crotch." Tr. at 11. According to Casman's version of events, he then proceeded to shake Baldwin's "several pairs of pants" and a package "fell out through his pants leg." Tr. at 12-13. Casman denied pushing Baldwin up against the wall, performing a strip search or removing objects from his rectum, searching his rectum, or witnessing such a search by anyone else. Tr. at 15-16, 37-38.

The government conceded at the hearing that, if the search were as Baldwin described it in his Affidavit, it violated his Fourth Amendment rights and that suppression was warranted. Defendant conceded that, if the search were as the government described it, suppression was not warranted. Accordingly, the only issue that the court must resolve is which version of the facts to credit.

Based upon witness testimony, its review of the affidavits and papers, and having viewed the physical evidence, the court credits Officer Casman's version of events. The court's review of the physical evidence demonstrated that the bag was sufficiently small to have remained hidden in Baldwin's multiple layers of clothing while he was being transported to West Haven. The DEA Report was secondhand and devoid of elaboration; the court finds the testimony of Officer Casman, who was present at the events and conducted the search in question, to be more credible and reliable than the written Affidavit of the defendant, who chose not to testify, and the DEA Report. Therefore, the search was not conducted in violation of the Constitution, and suppression of the physical evidence is not warranted.

## II. STATEMENTS

Defendant Baldwin has alleged that his statement to law enforcement officers should be suppressed because he was not promptly taken for presentment before a magistrate. Indeed, it is undisputed that defendant was not brought before a magistrate until 24 hours after his arrest on a weekday afternoon.

Federal Rule of Criminal Procedure 5(a) provides that, upon arrest, the arresting officer "must take the defendant without unnecessary delay" for presentment before a magistrate judge, or if one is not available, before a state or local judicial officer. Prior to the enactment of Rule 5(a), the Supreme Court provided for the exclusion, in certain circumstances, of statements obtained where a defendant was not promptly arraigned. See United States v. Perez, 733 F.2d 1026, 1029 (citing Mallory v. United States, 354 U.S. 449 (1957); McNabb v. United States, 318 U.S. 332 (1943)). Congress subsequently enacted 18 U.S.C. § 3501 to govern the suppression of confessions in federal court. In United States v. Perez, the Second Circuit interpreted section 3501 in light of Supreme Court decisions predating and postdating its enactment. According to Perez, under section 3501(c), a court may exclude a confession obtained after a delay in presentment of greater than six hours. Id. at 1031. A court need not determine that a confession was involuntary before excluding it on the grounds of delay, but it must make a finding that the delay was unreasonable. See Perez, 733 F.2d at 1031-1035; United States v. Peña Ontiveros, 547 F. Supp. 2d 323, 342 (S.D.N.Y. 2008). However, the statute provides that a confession "shall not be inadmissible solely because of delay" in presentment, if the confession is voluntarily made, the weight to be given the confession is "left to the jury," and the confession was made or given within six hours of

defendant's arrest. 18 U.S.C. § 3501(c).

In support of his Motion, Baldwin offers a DEA report that chronicles the events of the day he was arrested. Testimony at the hearing also addressed the time of arrest. The report indicates that the arrest took place at "approximately 2:30 p.m." Testimony at the hearing indicated that the arrest occurred between 2:30 and 3:00 pm. Tr. at 70. According to the report, questioning began at 4:35 pm the same day. Hearing testimony confirmed that the time was "close to 4:00 in the afternoon." Tr. at 80. According to the report, Baldwin spoke only briefly with law enforcement before requesting an attorney and was then not questioned further.

Baldwin suggests in his Motion that the record is "equivocal" as to the time the statement has made. Baldwin, however, has not offered any evidence that the statement was made outside the six-hour safe harbor created by 18 U.S.C. § 3501(c). Though the exact time the statement was made is not clear from the record, the court finds on the evidence before it that the statement was made within no more than four hours of Baldwin's arrest.

Baldwin acknowledges that the statement likely falls within the "safe harbor" of Section 3501(c), but requests that the court exercise its "supervisory power over the administration of justice" to find the statement inadmissible on the grounds of "unexcused delay." The court does not countenance the 24 hour delay that took place in this case. Absent extenuating circumstances not present here, it is unreasonable to delay—for 24 hours—presentment of a defendant who was arrested mid-week, in the early afternoon, and in close proximity to a federal courthouse in this District. However, Congress has specifically provided that an unreasonable delay in presentment does not

give a court grounds to suppress an otherwise voluntary statement obtained within six hours of arrest.  18 U.S.C. § 3501(c).

## III. CONCLUSION

The court finds that the physical evidence was not obtained in violation of the Constitution of the United States.

The court finds that the statement was made within four hours of Baldwin's arrest, so the statement may not be suppressed on the grounds that presentment was unreasonably delayed.  Baldwin has not alleged that the statement was involuntary or made in violation of <u>Miranda</u>.  Baldwin has therefore failed to demonstrate a ground upon which a statement may be excluded.

Accordingly, the court DENIES Baldwin's Motions to Suppress evidence [**Doc. Nos. 206, 302**].


**SO ORDERED.**

Dated at Bridgeport, Connecticut this 16th day of October, 2008.


                                        /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge